UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN EUGENE SWARTZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SEALED POWER CORPORATION: SPX, THERMAL PRODUCT SOLUTIONS,<br><br>　　　　　Defendant. | Case No.:  4:15-cv-393-MWB (KM) |

**MEMORANDUM IN SUPPORT OF COMBINED MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT AND TO QUASH SERVICE OF SUMMONS**

The document filed by Plaintiff Kevin Swartz ("Swartz") – docketed by the Court as a "Complaint" (D.I. 1) – fails numerous procedural and substantive requirements for a proper Complaint. First, the document appears to name "SEALED POWER CORPORATION: SPX, THERMAL PRODUCT SOLUTIONS(*sic*)" as the "Vassalee," which SPX Corporation (the entity filing this motion; hereafter "SPX") speculates refers to an intended defendant. To SPX's knowledge, however, no such company exists. Nevertheless, to protect its own rights, SPX files this motion in case it is found that Swartz intended to sue SPX.

1

Beyond the naming of a non-existent defendant, and even allowing significant latitude for the fact that Swartz is proceeding *pro se*, the "Complaint" document is indecipherable and incoherent. It is impossible to understand what cause or causes of action, if any, are being asserted, what alleged harm may have occurred, or what relief is sought.

Moreover, despite filing a Return of Summons (D.I. 7), and even if it is assumed that Swartz intended to sue and serve SPX, Swartz has not actually served SPX, instead only mailing a copy of the document to SPX's outside counsel (who is not a qualified agent for service of process) with no prior communication as to whether or not SPX would waive service of process. Thus, separate and apart from dismissing the "Complaint," the alleged service of Summons should be quashed.

For these reasons and others enumerated below, this action should be dismissed. At a minimum, Swartz should be ordered to submit an amended pleading complying with all of the formal requirements of Federal Rules of Civil Procedure 8, 10, 11, and 12 within ten days, with any failure to comply resulting in the action being dismissed with prejudice.

I.   **PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS**

Swartz filed the document commencing the present action on February 24, 2015 (D.I. 1 – hereafter "the Complaint"). The document is not signed and has no legible caption. Moreover, it is impossible to understand because of the

illogical/nonsensical streams of words used throughout (e.g., "DEFENSO THROUGH THE GREEN:~BEESWAX:~GREAT-SEAL ON THE PARCHMENT WITH THE IRON-GALL-INK-TEXT THROUGH THIS PENNSYLVANIA TERRITORY" (*id.* at 4)), the lack of proper punctuation, the repeated use of symbols (particularly colons and "~") and non-words (e.g., "ONWITHFOROFTHROUGHBY" (*id.* at 2)), and its failure properly to number the paragraphs.

On March 6, 2015, Swartz filed what the Court docketed as a return of Summons (D.I. 7). That document likewise is unintelligible, containing the same problems as the Complaint that were discussed above. Moreover, as evidenced by the U.S. Postal Service Receipt that is attached to that document, the Complaint was mailed to Kenneth Sheehan, a lawyer at Baker & Hostetler LLP's Washington, D.C. office. While Mr. Sheehan and Baker Hostetler have done work for SPX Corporation, they are not agents for purposes of service of process.

Also on March 6th, Swartz filed two additional documents – one entitled "CLAIM OF THIS LIFE….." (D.I. 8) and one entitled "CORRECTION OF THIS SUMMONS" (D.I. 9). As with the other documents, SPX is at a loss to understand what their meaning is, or even the intent behind them.

Apparently based on D.I. 7, the Court's docket states that defendant's Answer is due on March 20th.

**II.     QUESTION PRESENTED**

1.  Should the present action be dismissed because the purported Complaint fails to comply with the requirements of Federal Rules of Civil Procedure 8(a), 10(a), 10(b), and/or 11(a)?

2.  Because the substance of the "Complaint" is impossible to understand given the unintelligible manner in which it is set out, should the present action be dismissed: (a) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); and/or (b) for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6)?

3.  Because the substance of the "Complaint" is impossible to understand given the unintelligible manner in which it is set out, should the plaintiff be required to provide a more definite (and procedurally proper) statement pursuant to Federal Rule of Civil Procedure 12(e)?

4.     Should the alleged service of Summons be quashed for failure to meet the requirements of Federal Rules of Civil Procedure 4 and 12(b)(5).

**III.    THIS ACTION SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH FED.R.CIV.P. 8(a), 10(a), 10(b), AND 11(a)**

As discussed above, the "Complaint" (D.I. 1) is unintelligible, improperly punctuated, and contains non-words and nonsensical phrases. In addition, as best

SPX can determine in attempting to read the document, the document fails to meet numerous basic requirements of a proper complaint. For example, the document:

- lacks a short and plain statement of the grounds for the court's jurisdiction as is required by Fed.R.Civ.P. 8(a)(1) – there does not appear to be any discussion of a jurisdictional basis or any mention of jurisdiction;

- lacks a short and plain statement of the claim showing that the pleader is entitled to relief as is required by Fed.R.Civ.P. 8(a)(2);

- lacks an understandable demand for the relief sought as required by Fed.R.Civ.P. 8(a)(3);

- lacks a proper caption, including the naming of the parties in the title, as is required by Fed.R.Civ.P. 10(a);

- fails to set forth Swartz's "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" as is required by Fed.R.Civ.P. 10(b) – there are no numbered paragraphs other than perhaps the three items at the bottom of page 7 referring to ":ROME-NUMERALS:~1," ":ARABIC-NUMERALS:~1," and ":ORDINAL-NUMBERS:~FIRST"; and

- is not signed and does not include Swartz's e-mail address or telephone number as required by Fed.R.Civ.P. 11.

Because of these multiple failures, and the document's resulting failure to convey in any cognizable fashion the barebones necessities of a complaint – i.e., a signed presentation of a claim and a demand for relief – the "Complaint" should be stricken and this action dismissed. Indeed, in accordance with Fed.R.Civ.P. 11, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

### IV. THIS ACTION SHOULD BE DISMISSED FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Even if the numerous procedural flaws discussed above are ignored and the "Complaint" is examined only from a substantive viewpoint, it still fails to meet the minimum requirements of a proper pleading. In particular, because the document is essentially wholly unintelligible, it is impossible to determine what cause or causes of action is/are being asserted, what the basis is for this Court's jurisdiction, or what relief is actually being sought.

Because it is not possible to fairly determine what basis is asserted for this Court's jurisdiction, the "Complaint" should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

As a separate and distinct basis for dismissal, the "Complaint" should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because it fails to state a claim upon which relief can be granted. In other words, even if any coherent words included in

the document are taken as accurate/true, the document simply does not set out a cognizable cause of action. The "Complaint" fails to set forth the necessary elements of a cause of action because it does not set forth any intelligible claim at all.

## V. AT A MINIMUM, PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT

If nothing else, since the present "Complaint" is "so vague and ambiguous that [SPX] cannot reasonably prepare a response" (Fed.R.Civ.P. 12(e)), Swartz should be compelled to provide a Complaint that is appropriately definite and corrects all of the procedural and substantive inadequacies discussed above. If Swartz will not, or cannot, comply with such an Order, then the "Complaint" should be stricken and the action dismissed. *Id.*

## VI. IN ALL EVENTS, THE SERVICE OF SUMMONS SHOULD BE QUASHED FOR FAILURE TO MEET FED.R.CIV.P. 4 AND 12(b)(5)

While this case should be dismissed entirely due to the multiple deficiencies in the initial pleading, in all events, the service of Summons docketed as D.I. 7 should be quashed because it is inaccurate and insufficient. First, it is believed that there is no entity named "SEALED POWER CORPORATION: SPX, THERMAL PRODUCT SOLUTIONS(*sic*)" so any alleged service thereon did not occur. Second, despite never having sought waiver of service, the "Complaint" was admittedly only served by mail (*see* the mailing receipt attached to D.I. 7) and even

then was served only on an outside counsel of SPX – not of any "SEALED POWER CORPORATION: SPX, THERMAL PRODUCT SOLUTIONS(*sic*)" – who was not a registered agent for service of process (*id.*). Third, the alleged service of Summons filing is not a proper affidavit in that it has no signature. All of these deficiencies are contrary to the requirements of Fed.R.Civ.P 4 and 12(b)(5) and impel quashing of any alleged service.

## VI. CONCLUSION

Swartz's action should be dismissed because his initial pleading is both procedurally and substantively lacking.  Aside from failing to include numerous procedurally-required elements, the pleading fails to demonstrate this Court's subject matter jurisdiction and fails to state a claim on which relief can be granted. Similarly and independently, Swartz's alleged service of process should be quashed for failure to meet the requirements of a proper service.

Dated:  March 20, 2015          BAKER & HOSTETLER LLP

By: /s/ John F. Murphy
John F. Murphy (PA206307)
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA 19104-2891
Telephone:  (215) 564.2898
Facsimile:  (215) 568.3439
johnmurphy@bakerlaw.com

*Counsel for SPX Corporation*