UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN EUGENE SWARTZ,<br><br>    Plaintiff,<br><br>v.<br><br>SPX CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 4:15-CV-00393<br><br>(BRANN, J.)<br>(MEHALCHICK, M.J.) |

### REPORT AND RECOMMENDATION

On February 24, 2015, *pro se* Plaintiff Kevin Eugene Swartz filed the instant patent infringement action. (Doc. 1). On March 20, 2015, Defendant SPX Corporation ("SPX")[1] filed a motion to dismiss the complaint (Doc. 11), followed by a brief in support thereof three days later (Doc. 12). SPX contends that the complaint should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6), that the service of the summons should be quashed pursuant to Rule 12(b)(5), and alternatively, that Plaintiff should be ordered to provide a more definite statement of his complaint pursuant to Rule 12(e). Plaintiff filed a number of largely unintelligible documents both before and after SPX's motion to dismiss,[2] but none of these filings could be even liberally construed as a brief in opposition. Accordingly, since the time for filing a brief in opposition has long passed (Doc. 13), SPX's motion to dismiss is deemed unopposed pursuant

---

[1] SPX notes that no entity appears to exist under the name that Plaintiff lists as "vassalee" in the caption of the complaint, but speculates that SPX was the party Plaintiff intended to sue. (Doc. 12, at 1).

[2] *See, e.g.*, "Claim of This Life" (Doc. 8); "Serveso for the writ of the Recaption" (Doc. 19).

to L.R. 7.6, and this matter is now ripe for disposition. Despite Plaintiff's failure to file a brief in opposition, this Court will analyze the motion to dismiss on the merits, as the United States Court of Appeals for the Third Circuit has noted that dismissal for failure to comply with local rules is a drastic sanction to impose on *pro se* litigants. *See generally* Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

I. **LEGAL STANDARDS**

A. RULE 12(B)(1) MOTION TO DISMISS STANDARD

A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. Gould Electronics Inc. v. United States, 220 F. 3d 169, 176 (3d Cir. 2000). A defendant asserts a facial challenge "by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." D.G. v. Somerset Hills Sch. Dist., 559 F. Supp. 2d 484, 491 (D.N.J. 2008). The Court therefore "must consider the allegations of the complaint as true" in evaluating a facial challenge to subject matter jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In a factual attack under Rule 12(b)(1), however, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen, 549 F.2d at 891. "Rule 12(b)(1) motions may be filed at any time and repeatedly, if the movants assert new arguments warranting [the court's] attention." Fahnsestock v. Reeder, 223 F. Supp. 2d 618, 621 (E.D. Pa. 2002). Furthermore, "[w]hen a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." In re Corestates Trust Fee Litig., 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd* 39 F.3d 61 (3d Cir. 1994).

### B. Rule 12(b)(6) Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). A plaintiff must provide some factual grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States held that, when considering a

motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that, a district court must permit a curative amendment if a complaint is vulnerable to dismissal for failure to state a claim, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**II.    DISCUSSION**

    A.    SUBJECT MATTER JURISDICTION

SPX raises a facial challenge under Rule 12(b)(1), asserting that "it is impossible to determine . . . what the basis is for this Court's jurisdiction." (Doc. 12, at 6). While Plaintiff's complaint is certainly not a model of clarity, "the Court must be mindful to construe the complaint liberally in favor of Plaintiff" in light of his *pro se* status. *Clark v. Wells Fargo Bank, U.S.*, No. CIV.A. 13-1293 JLL, 2013 WL 1680178, at *2 (D.N.J. Apr. 16, 2013) *aff'd sub nom. Clark v. Wells Fargo Bank*, 585 F. App'x 817 (3d Cir. 2014), *cert. denied*, 135 S. Ct. 1411 (2015). Upon interpreting Plaintiff's complaint in the most favorable light possible, this Court

concludes that the complaint may be read as presenting a federal question and thus jurisdiction is proper under 28 U.S.C. § 1331. Specifically, Plaintiff states: "I, Kevin-Eugene Swartz, COMPLAINSO ONFOR THE PATENT-INFRINGEMENT ONWITHFOROFTHROUGHBY THESE UNITED-STATES-LETTERS-PATENT-NUMBER: 7,434,679 WITHON THE PUBLICATION-DATE: OCTOBER-14, 2008 . . . ." (Doc. 1, at 3). Plaintiff also makes reference, albeit haphazardly, to 35 U.S.C. § 271 "FOR THE REMEDY OF THE INFRINGEMENT . . . ." (Doc. 1, at 4). Although much of the complaint is largely incomprehensible, this Court has pieced together enough information to conclude that Plaintiff is attempting to assert a patent infringement claim. "[A] patent infringement suit . . . is a federal question case rather than a diversity action." *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 267 (D. Del. 1989). *See generally Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 709 (1972). Accordingly, the Court is satisfied that jurisdiction is proper pursuant to 28 U.S.C. § 1331, and therefore it is recommended that SPX's Rule 12(b)(1) motion (Doc. 11), be denied.

    B.  <u>Failure to State a Claim</u>

SPX also asserts that Plaintiff's complaint should be dismissed for failure to state a claim pursuant to Rule 12(b)(6). (Doc. 12, at 6-7). To withstand a motion to dismiss under Rule 12(b)(6), a complaint must satisfy the minimum pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. *See Evancho v. Fisher*, 423 F.3d 347, 355 (3d Cir. 2005). Specifically, Rule 8(a) provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Additionally, Rule 8(d)(1) further instructs that "[e]ach

allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Therefore, "when a complaint is 'illegible or incomprehensible' . . . or when a complaint 'is also largely unintelligible,'. . . an order dismissing a complaint under Rule 8 is clearly appropriate." *L. Ruther v. State Kentucky Officers*, No. 1:13-CV-1641, 2013 WL 3525032, at *4 (M.D. Pa. July 11, 2013) *aff'd sub nom. Ruther v. State Kentucky Officers*, 556 F. App'x 91 (3d Cir. 2014) (quoting *Scibelli v. Lebanon Cnty.,* 219 F. App'x 221, 222 (3d Cir. 2007); *Stephanatos v. Cohen,* 236 F. App'x 785, 787 (3d Cir. 2007); *Mincy v. Klem,* 303 F. App'x 106 (3d Cir. 2008)). Dismissal is also proper "when a complaint leaves defendants 'having to guess what of the many things discussed constituted [a cause of action];' . . . or when the complaint is so 'rambling and unclear' as to defy response." *L. Ruther*, 2013 WL 3525032, at *4 (alteration in original) (quoting *Binsack v. Lackawanna Cnty. Prison,* 438 F. App'x 158, 160 (3d Cir. 2011); *Tillio v. Spiess,* 441 F. App'x 109, 110 (3d Cir. 2011)).

Here, the complaint, as well as Plaintiff's supplemental filings, run afoul of Rule 8's basic requirements that a pleading contain a "short and plain statement of the claim showing the pleader is entitled to relief" and that each averment be "concise and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). Plaintiff's filings are largely incomprehensible, as they consist of fictitious words ("VASSALEE" (Doc. 1, at 3)), meaningless historical meanderings ("EXECUTIVE-ORDER:~10834:~SOVEREIGN-FLAG WITH THE ADDITION ONBY THE ARCHIPELIGO-STATE:~HAWAII~ON THE DATE:~AUGUST-XXI OF THE YEAR:~MCMLIX" (Doc. 1, at 6)), archaic legalese ("SERVSO ON THE WRIT OF THE RECAPTION" (Doc. 19, at 1)), and improper grammar riddled with overuse of hyphens and

the tilde symbol.[3] Furthermore, from the little that can be gleaned from the complaint, it appears to be devoid of specific factual assertions or conduct that may be attributable to SPX. Accordingly, it is recommended that SPX's Rule 12(b)(6) motion to dismiss Plaintiff's complaint (Doc. 11), be granted.

### C. MOTION TO QUASH

SPX also requests this Court to quash Plaintiff's service of summons pursuant to Rule 12(b)(5), alleging that the summons inaccurately stated the name of the entity being sued (SPX),[4] the method of service was improper,[5] and that the summons was sent to someone other than an authorized agent of SPX.[6] (Doc. 12, at 7-8). However, "[a] harmless error that otherwise gives a defendant proper notice, such as misspelling of a party's name, is clearly amendable *nunc pro tunc* under Rule 4(h)." *Rickard v. The Lion Brewery, Inc.*, No. 3:07-CV-00984, 2007 WL 3492714, at *4 (M.D. Pa. Nov. 13, 2007). Given that SPX ultimately received notice of the suit and that Plaintiff's initial complaint will be dismissed pursuant to Rule 12(b)(6), this

---

[3] Plaintiff appears to be using the "Parse-Syntax-Grammar" language invented by tax protester David Wynn Miller, a member of the "sovereign citizen" movement, to burden federal courts "with a frivolous line of litigation . . . ." *United States v. Pflum*, No. 04-40008-01-SAC, 2013 WL 4482706, at *1 (D. Kan. Aug. 21, 2013). *See generally United States v. Kriemelmeyer*, No. 07-CR-052-C-01, 2007 WL 5479293 (W.D. Wis. July 26, 2007). However, "[a]s noted by other courts faced with submissions prepared in Miller's style, 'the official language of the Court is standard American English.'" *Borkholder v. PNC Bank*, No. 3:12-CV-312-TLS, 2012 WL 3256888, at *1 (N.D. Ind. Aug. 8, 2012) (quoting *Kriemelmeyer*, 2007 WL 5479293, at *2).

[4] Fed. R. Civ. P. (4)(a)(1)(A)-(B).

[5] A plaintiff may request waiver of service by first-class mail pursuant to Rule (4)(d) or otherwise must effectuate service on a corporation pursuant to Rule (4)(h). In this case, Plaintiff never requested SPX to waive service.

[6] *See* Fed. R. Civ. P. (4)(h)(1)(B).

Court finds the error to be harmless. Indeed, the Clerk of Court will issue a new summons, and, should Plaintiff choose to file an amended complaint, he is instructed to serve the new summons and amended complaint together in accordance with Rule 4. *See Rickard*, 2007 WL 3492714, at *4.

### D. LEAVE TO AMEND

Although dismissal of Plaintiff's complaint is warranted, the Third Circuit has instructed district courts to permit a curative amendment if a complaint is vulnerable to dismissal for failure to state a claim, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Therefore, the Court will direct Plaintiff to file a single, intelligible amended complaint setting forth factual allegations and legal claims in a manner that can be reviewed by the Court and answered by the Defendants. The proposed amended complaint must be a pleading that **stands by itself without reference to the original complaint**. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The amended complaint must also establish the existence of specific actions taken by SPX that resulted in the alleged patent infringement. Further, it must be "**simple, concise, and direct**" as required by Rule 8(d)(1). The Court further advises Plaintiff that the amended complaint must also contain:

- "a short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Rule 8(a)(2);
- "a[n understandable] demand for the relief sought" pursuant to Rule 8(a)(3);
- a caption that properly names the parties pursuant to Rule 10(a);
- numbered paragraphs setting forth Plaintiff's claims pursuant to Rule 10(b); and
- Plaintiff's signature, e-mail address, and telephone number pursuant to Rule 11(a).

Lastly, should Plaintiff choose to file an amended complaint, it must be drafted in "the official language of the Court[,] . . . standard American English," rather than the Parse-Syntax-Grammar system. *Kriemelmeyer*, 2007 WL 5479293, at *2. **Failure to do so may result in dismissal of the action in its entirety.**

### III. CONCLUSION

Based on the foregoing, it is recommended that Defendant's motion to dismiss (Doc. 11) be granted in part and Plaintiff's complaint (Doc. 1) be dismissed without prejudice pursuant to Rule 12(b)(6), but that Plaintiff be granted leave to amend his complaint within thirty (30) days following the dismissal of his complaint.

BY THE COURT:

Dated: December 10, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN EUGENE SWARTZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SPX CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 4:15-CV-00393<br><br>(BRANN, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 10, 2015**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: December 10, 2015

                                                                               *s/ Karoline Mehalchick*
                                                              **KAROLINE MEHALCHICK**
                                                              **United States Magistrate Judge**