# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN EUGENE SWARTZ, | No. 4:15-CV-00393 |
| Plaintiff. | (Judge Brann) |
| v. | (Magistrate Judge Mehalchick) |
| SEALED POWER CORPORATION, *et al.*, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### FEBRUARY 26, 2018

Before the Court for disposition are Plaintiff Kevin Eugene Swartz's Motion for Summary Judgment, and Defendant SPX Corporation's Motion for Summary Judgment. Magistrate Judge Karoline Mehalchick has prepared a Report and Recommendation concerning these matters. For the following reasons, this Report and Recommendation will be adopted in its entirety, Defendant's Motion for Summary Judgment will be granted, and Plaintiff's Motion will be denied.

## I. BACKGROUND[1]

This is an action for patent infringement instituted pursuant to 35 U.S.C.

---

[1] The following abbreviated background serves to orient the reader and provide background information relevant to the Court's analysis of Plaintiff's objections. An extensive factual background and procedural history of this case is set forth in Magistrate Judge Mehalchick's Report and Recommendation, and is fully adopted by this Court.

§ 271(a). The instant infringement claim stems from United States Patent No. '679 Patent ("'679 Patent") filed by Plaintiff Kevin Eugene Swartz ("Plaintiff") on September 1, 2006.[2] This Patent contains the following abstract:

> A vertical conveyor for conveying a stream of closely spaced articles along a conveyor path includes at least one pair of roller chain assemblies that face the conveyor path. Each chain assembly includes a roller chain carrying grippers that extend into the conveyor path to securely hold articles between them. Bearings engage the roller chain to limit chain deflection under load to assure reliable conveyance of the articles.[3]

The allegedly infringing product ("accused product") is a conveyor sold by the Thermal Product Solutions division of Defendant SPX Corporation ("Defendant") to Southern Graphic Systems, Inc. on January 24, 2012.[4] This conveyor had the model number MM45VD106M, and an overall length of about 167.990 inches.[5] It was custom made, as Defendant SPX Corporation did not manufacture any other conveyors with this design.[6]

Plaintiff alleges that this conveyor infringes on dependent and independent claims of his '679 Patent.[7] Specifically, Plaintiff argues that this product infringes, either literally or under the doctrine of equivalents, both independent claims 12 and

---

[2] ECF No. 27-1, at 3.
[3] *Id.* at 4.
[4] Def.'s Statement of Undisputed Material Facts (ECF No. 62), ¶¶ 2–3.
[5] *Id.* ¶ 2.
[6] *Id.* ¶ 3.
[7] *Id.* ¶ 4.

25, and dependent claims 13-21 and 26-27, of the '679 Patent.[8] Claim 12 of the 679 Patent requires, as an element, "an elongate rail comprising opposite sides, first and second sprockets rotatably mounted on the rail, a roller chain extending around the first and second sprockets and surrounding the rail."[9] Claim 25 also requires "an elongate rail, first and second sprockets rotatably mounted on the rail, a roller chain extending around the first and second sprockets and surrounding the rail."[10] Claims 13-21 and 26-27 are dependent on claims 12 and 25.[11]

This case was initiated on February 24, 2015, and since that date, has been jointly assigned with Magistrate Judge Mehalchick.[12] On June 26, 2017, Plaintiff filed a Motion for Partial Summary Judgement seeking a declaration that he retained sole and exclusive ownership over the '679 Patent.[13] Thereafter, on June 29, 2017, Defendant SPX Corporation filed a Motion for Summary Judgment on grounds of non-infringement of the 679 Patent.[14]

---

[8] *Id.* ¶¶ 6-7.

[9] ECF No. 27-1, at 27.

[10] *Id.* at 28.

[11] Def.'s Statement of Undisputed Material Facts (ECF No. 62), ¶ 7; *see also* 35 U.S.C. § 112(d)("A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers.").

[12] ECF No. 1.

[13] ECF No. 58.

[14] ECF No. 60.

Magistrate Judge Mehalchick issued a Report and Recommendation concerning these matters on January 25, 2018.[15] In this Report, she recommended that (1) Defendant's Motion for Summary Judgment be granted, (2) Plaintiff's Motion for Partial Summary Judgment be denied as moot, and (3) the Clerk be directed to close the case.[16] Plaintiff timely objected to this Report on February 5, 2018,[17] and the parties have since briefed the matter.[18]

**II. LAW**

**A. Report and Recommendation**

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and ... submit to a judge of the court proposed findings of fact and recommendations."[19] Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[20] When objections are timely filed, the District Court must conduct a *de novo* review of those portions of the report to which objections are made.[21] Although the standard of review for objections is *de novo*, the extent of review lies

---

[15] ECF No. 69.
[16] *Id.*
[17] ECF No. 70.
[18] ECF Nos. 71 & 72.
[19] 28 U.S.C. § 636(b)(1)(B).
[20] 28 U.S.C. § 636(b)(1).
[21] 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

within the discretion of the District Court, and the court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[22]

For portions of the Report and Recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[23] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[24]

**B. Summary Judgment**

Summary judgment is granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[25] A dispute is "genuine if a reasonable trier-of-fact could find in favor of the non-movant," and "material if it could affect the outcome of the case."[26] To defeat a motion for summary judgment, then, the nonmoving party

---

[22] *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[23] Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)) (explaining that judges should give some review to every report and recommendation).

[24] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

[25] Federal Rule of Civil Procedure 56(a).

[26] *Lichtenstein v. University of Pittsburgh Medical Center*, 691 F.3d 294, 300 (3rd Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 252 (1986)).

must point to evidence in the record that would allow a jury to rule in that party's favor.[27] When deciding whether to grant summary judgment, a court should draw all reasonable inferences in favor of the non-moving party.[28]

### III. ANALYSIS

Plaintiff objects to the Report and Recommendation on two grounds. First, Plaintiff argues that the Report and Recommendation erred in finding that new matter was added to the patent application that resulted in the instant suit.[29] Second, Plaintiff contests the Report and Recommendation's finding that the accused product did not infringe on the '679 patent either literally or under the doctrine of equivalents.[30] Having reviewed *de novo* the portions of Magistrate Judge Mehalchick's well-reasoned Report pertaining to these Objections, I find them to without merit. My reasoning is as follows.

> **A. Whether the Report and Recommendation Erred in Finding That New Matter Was Added in the Patent Application that Resulted in the Instant Suit**

As noted, Plaintiff first objects, somewhat obliquely, to an alleged conclusion by the Report and Recommendation that the '679 Patent does not contain new matter from an October 27, 2004 United States patent application

---

[27] Federal Rule of Civil Procedure 56(c)(1); *Liberty Lobby*, 477 U.S. at 249.

[28] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

[29] Objections to the Report and Recommendation (ECF No. 70) at 2-4.

[30] *Id.* at 5.

10/974,058 (the "'058 Application").[31] This factual finding, if reached by the Report and Recommendation, is relevant because Plaintiff, a former employee of SPX Corporation, signed a Confidentiality Agreement on August 17, 2006.[32] This Confidentiality Agreement contained an assignment clause, stating:

> Inventions/Developments.
>
> ". . . I hereby assign, and agree to assign to SPX during my employment and thereafter, all my rights to and evidence of such rights to the Developments, whether or not patent applications are filed thereon. I agree, whenever requested to do so by SPX during my employment or thereafter. . . to grant SPX or its nominee my entire interest in any or all such Developments by executing, acknowledging, and delivering all documents…in support of a particular invention, which SPX may deem necessary or proper for that purpose and for the purpose of perfecting in SPX title to patents . . ."[33]

Therefore, if Magistrate Judge Mehalchick found that the '697 Patent contained new matter added to the '058 Application, this clause would be determinative in the instant litigation. Defendant SPX Corporation responds, however, that Report and Recommendation makes no such finding and that the language identified by Plaintiff is merely a recitation of the parties' arguments.[34] I agree.

Magistrate Judge Mehalchick states the following at the cited portion of the Report and Recommendation:

---

[31] Pl.'s Br. in Supp. of Objections to the Report and Recommendation (ECF No. 71), at 2.
[32] ECF No. 59-5, at 3.
[33] *Id.*
[34] Opposition to Plaintiff Objection to the Report and Recommendation (ECF No. 72), at 1–2.

> Notwithstanding the assignment clause, Swartz avers that the '679 Patent does not contain new matter from his previous United States patent application 10/974,058 (the "'058 Application") filed on October 27, 2004. (Doc. 58, at 3, 5-7). Specifically, Swartz claims that the '679 Patent was based off of the '058 Application, which was filed before the Confidentiality Agreement with SPX was executed. (Doc. 58, at 3). SPX counters, however, that new matter was indeed added to the application that actually led to the '679 patent—U.S. Patent No. 11/469,494 (the "'494 Application"). (Doc. 65, at 6).[35]

This passage is properly characterized by Defendant as background, and I can find no later language affirmatively resolving this issue. Magistrate Judge Mehalchick instead found, regardless of this specific dispute, that the accused product did not infringe on the '697 Patent. Plaintiff's objection on this issue is therefore overruled.

### B. Whether the Report and Recommendation Erred in Its Finding that the Accused Conveyor Neither Infringed on the '697 Patent Literally Nor Under the Doctrine of Equivalents.

Plaintiff next broadly objects to the Report and Recommendation's conclusion that the accused conveyor did not infringe on the '697 Patent.[36] Plaintiff specifically argues that the claims do not require the claimed "rail" to be a one-piece unitary member and that the determination whether the rail is surrounded by the roller chain is a matter of fact reserved for the jury.[37] At the outset, I note while requesting *de novo* review, this Objection largely rehashes arguments

---

[35] Report and Recommendation (ECF No. 69), at 4.

[36] Objections to the Report and Recommendation (ECF No. 70), at 5.

[37] Pl.'s Br. in Supp. of Objections to the Report and Recommendation (ECF No. 71), at 4-6.

previously considered and rejected by Magistrate Judge Mehalchick. Failure to object to specific portions of the Report and Recommendation generally precludes *de novo* review.[38] Plaintiff's Objections may be overruled on that ground alone. *De novo* review of the Report and Recommendation's finding of non-infringement, however, will not change this conclusion. Indeed, after affording such review, I nevertheless conclude that Plaintiff's Objection on this point is without merit.

A claim of patent infringement can be proven in one of two ways: literal infringement or through the doctrine of equivalents.[39] To prove literal infringement, every single claim must be present in the accused device.[40] The doctrine of equivalents, on the other hand, asks whether " 'the accused product or process contain[s] elements identical *or equivalent to* each claimed element of the patented invention.' "[41]

First, I am agreement that the accused product does not literally infringe upon Claims 12 and 25 of the '697 Patent. Indeed, in Magistrate Judge Mehalchick's comprehensive Report and Recommendation, she correctly notes that both claims, and their corresponding dependents, require an "elongate rail"

---

[38] *See Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984)(stating that a court need not conduct a de novo review if objections are not timely or specific because doing so "would undermine the efficiency the magistrate system was meant to contribute to the judicial process." ).

[39] *See Cephalon, Inc. v. Watson Pharmaceuticals, Inc.*, 707 F.3d 1330, 1340 (Fed. Cir. 2013).

[40] *Id.*

[41] *Id.* (quoting *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997)) (emphasis added).

element upon which (1) both the first and second sprockets are mounted, and (2) and which is surrounded by a roller chain which extends around the sprockets.[42] This stands in contrast to the layout of the accused product in which the sprockets are attached not to an elongate rail, but rather the conveyor frame.[43] Furthermore, while Plaintiff argues the vacuum duct of the accused conveyor (both solely and in conjunction with the conveyor frame) operates as the elongate rail within Claims 12 and 25, I am satisfied that undisputed evidence of record, as cited by the Report and Recommendation, belies this contention. These photos of the accused product indicate both that (1) the first and second sprockets were not mounted to this vacuum duct, and (2) the roller chain does not enclose both the vacuum duct and conveyor frame, as required by the elongate rail element of the '697 Patent.[44] These differences are determinative on the issue of literal infringement, and I am therefore in agreement with Magistrate Judge Mehalchick that a fair minded jury could not return a verdict for Plaintiff based on the evidence provided.

Furthermore, Plaintiff has failed to provide evidence that could establish infringement under the doctrine of equivalents. A finding of equivalency is appropriate where:

---

[42] *See* Report and Recommendation (ECF No. 69), at 16.
[43] *Id.*
[44] *Id.* at 19–20.

. . . only 'insubstantial differences' distinguish the missing claim element from the corresponding aspects of the accused device . . . Whether a component in the accused subject matter performs substantially the same function as the claimed limitation in substantially the same way to achieve substantially the same result may be relevant to this determination.[45]

In her Report, Magistrate Judge Mehalchick correctly found that Plaintiff's oft-repeated argument that the vacuum duct and frame of the accused product together constitute the elongate rail element of the '697 Patent to be without merit. Indeed, I am in agreement that, based on the differences as outlined above, the design of the accused product is not merely an insubstantial difference with the Patent '697's claims, and does not perform "substantially the same function" in substantially the same way."[46] A finding of non-infringement under the doctrine of equivalents is therefore similarly appropriate. Plaintiff's objection on the issue of non-infringement is therefore overruled, and, as no fair minded jury could return a verdict in favor of Plaintiff, summary judgment should therefore be granted in favor of Defendant SPX Corporation.

**AND NOW**, in accordance with the above reasoning, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Mehalchick's Report and Recommendation (ECF No. 69) is **ADOPTED** in its entirety;

---

[45] *Optical Disc Corp. v. Del Mar Avionics*, 208 F.3d 1324, 1335 (Fed.Cir. 2000) (internal quotations omitted).

[46] Report and Recommendation (ECF No. 69), at 23 (citing *Voda v. Cordis Corp.*, 536 F.3d 1311, 1326 (Fed Cir. 2008)).

2. Defendant's Motion for Summary Judgment of no infringement (ECF No. 60) is **GRANTED**;

3. Defendant's counterclaims against the Plaintiff are **DISMISSED** without prejudice;

4. Plaintiff's Motion for Partial Summary Judgment for sole, exclusive ownership rights over the '679 Patent is **DENIED** as moot; and

5. The Clerk is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge